NIHAT DENIZ BAYRAMOGLU, ESQ. (Nevada. Bar No. 14030)
deniz@bayramoglu-legal.com
GOKALP BAYRAMOGLU, ESQ. (Nevada Bar No. 15500)
gokalp@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: (702) 462-5973
Facsimile:  (702) 553-3404

*Attorneys for Plaintiff,*
*Iron Bird, LLC*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Iron Bird, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>UAV Systems International Incorporated (3DR),<br><br>Defendant. | Case No. 1:25-cv-00312<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Iron Bird, LLC ("Plaintiff"), through its counsel the Bayramoglu Law Offices, LLC, hereby complains and alleges against Defendant, UAV Systems International Incorporated (3DR) ("Defendant") as follows:

## I.   NATURE OF THE ACTION

1.   This is an action for patent infringement under 35 U.S.C. § 101 *et seq.*, specifically, 35 U.S.C. §§ 271, 283, 284, and 285. Defendant has made, used, offered for sale, sold, and/or imported, at least the products that has infringed and continues to infringe Plaintiff's rights in U.S. Patent No. 7,400,950 (the '950 Patent) entitled, "Optical sensing system for stabilizing machine-controllable vehicles.

## II. THE PARTIES

2. Plaintiff, Iron Bird, LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th Street, Suite 1003, New York, New York 10001.

3. Defendant, UAV Systems International Incorporated (3DR) is a corporation organized and existing under the laws of Nevada that maintains an established place of business at 1421 North Jones Boulevard, PMB 232, Las Vegas, Nevada 89108.

## III. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) as they arise under the Patent Statute at 35 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant because it is a Nevada corporation with its principal place of business located at 1421 North Jones Boulevard, PMB 232, Las Vegas, Nevada 89108.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and 1400(b) because Defendant resides in this judicial district.

## IV. FACTUAL BACKGROUND

7. Plaintiff is the assignee of all right, title, and interest in United States Patent No. 7,400,950 (the "Patent-in-Suit); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

8. The '950 Patent is entitled, "Optical sensing system and system for stabilizing machine-controllable vehicles," and issued 2008-07-15. The application leading to the '950 Patent was filed on 2005-03-21. A true and correct copy of the '950 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. Plaintiff is the assignee of the entire right, title, and interest in the '950 Patent.

10. Defendant has infringed and continues to infringe the '950 Patent by making, sell, and offering for sale in the United States, including within this judicial district.

11. Upon information and belief, Defendant has been, and is, inducing infringement of the '950 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import, at least, the Accused Products that embody or use one or more of the inventions claimed in the '950 Patent.

12. Upon information and belief, Defendant markets and sells, at least, the infringed products through e-commerce channels, brick-and-mortar stores, and through direct sales that infringe on one or more of the inventions claimed in the '950 Patent.

13. Upon information and belief, Defendant has been contributorily infringing, and continues to contributorily infringe, the '950 Patent by selling or offering for sale, knowing them to be especially made or especially adapted for practicing one or more of the inventions claimed in the '950 Patent and which are not a staple article or commodity of commerce suitable for non-infringing use.

14. Upon information and belief, Defendant knew or should have known of the '950 Patent, including the inventions claimed therein, prior to designing, manufacturing, and selling, of the infringed products in the United States market, and that there is no substantial non-infringing use of said products.

15. Upon information and belief, Defendant has known the existence of the '950 Patent, and its acts of infringement have been in willful disregard of the rights granted therein without any reasonable basis to believe it had the right to engage in the infringing conduct alleged herein.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF THE '950 PATENT**

16. Plaintiff hereby repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 15, above, as if the same were more fully set forth herein.

17. Defendant has been and continued to directly infringe one or more claims of the

'950 Patent in the United States, including within this judicial district in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Claim below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the 950' Patent also identified in the charts incorporated into this Claim below (the "Exemplary '950 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '950 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

18. Defendant has been, and is, inducing infringement of the '950 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, import, or use one or more of the inventions claimed in the '950 Patent in violation of 35 U.S.C. § 271(b).

19. Upon information and belief, Defendant has been and is inducing infringement of the '950 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, import, or use the one or more of the inventions claimed in the '950 Patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

20. Upon information and belief, Defendant has been, and is, infringing, contributing the infringement of, and inducing the infringement of the '950 Patent by making, using, selling, offering for sale in the United States, importing into the United States, or use one or more of the inventions claimed in the '950 Patent.

21. Upon information and belief, Defendant has known of the existence of the '950 Patent, and its acts of infringement have been willful and in disregard for the '950 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

22. Defendant's infringement has been, and continues to be, knowing, intentional, and willful.

23. Defendant's acts of infringement of the '950 Patent have caused, and continue to cause, Plaintiff damages for which it entitled to compensation pursuant to 35 U.S.C. § 284, subject to proof at trial.

24. Defendant's acts of infringement of the '950 Patent have caused, and continue to cause, Plaintiff immediate and irreparable harm, for which it has no adequate remedy at law, unless such acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

25. This case is exceptional, and therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor and against Defendant as follows:

26. Entry of an Order adjudging that Defendant has directly infringed, actively induced infringement of, and/or contributorily infringed the '950 Patent in violation of one or more provisions of 35 U.S.C. § 271(a)-(c);

27. Entry of an Order requiring Defendant to pay Plaintiff damages for infringement of the '950 Patent pursuant to 35 U.S.C. § 274;

28. Entry of an Order requiring Defendant to pay enhanced damages up to three times the amount of actual damages awarded to Plaintiff pursuant to 35 U.S.C. § 284;

29. Entry of an Order awarding Plaintiff its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by code, statute or rule.;

30. Entry of an Order temporarily, preliminarily, and/or permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all others acting in active concert and participation with any of the foregoing persons or entities, from infringing, contributing to the infringement of, or inducing the infringement of the '950 Patent; and

31. Entry of an Order awarding such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury in this matter.

Respectfully submitted,

**BAYRAMOGLU LAW OFFICES LLC**

Dated: February 17, 2025      By: /s/ *Nihat Deniz Bayramoglu*
Nihat Deniz Bayramoglu, Esq. (NV Bar No. 14030)
Gokalp Bayramoglu, Esq. (NV Bar No. 15500)
**BAYRAMOGLU LAW OFFICES LLC**
*Attorneys for Plaintiff,*
*Iron Bird, LLC*